IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION, AS SUCCESSOR TRUSTEE TO STATE STREET BANK AND TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C1,<br><br>    Plaintiff,<br><br>v.<br><br>ELDER PA. I DELAWARE BUSINESS TRUST, a Delaware Business Trust,<br><br>    Defendants. | Civil Action No. 18-236 Erie<br><br>District Judge Baxter |

## MEMORANDUM OPINION

This foreclosure action was commenced on August 22, 2018 by the Plaintiff, U.S. Bank National Association, a National Banking Association, as Successor Trustee to State Street Bank and Trust Company, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates 1998-C1 (hereafter, "Plaintiff") against the Defendant, Elder PA. I Delaware Business Trust (hereafter, "Defendant").[1] Pending before the Court is the Plaintiff's Motion for Expedited Appointment of Receiver (ECF No. 5).

---

[1] It appears from the Complaint that the parties have diverse citizenship and, because the matter in controversy exceeds $75,000 exclusive of interest and costs, this Court has subject matter jurisdiction under 28 U.S.C. §1332. Compl. ¶¶1-3, ECF 1.

1

The underlying foreclosure claim arises out of a loan that was originally issued to Defendant by Boston American Lending Group-I, Inc. ("Original Lender") in the amount of $8,492,742.31 (the "Loan"). Compl. ¶5. The Loan was evidenced by a Promissory Note (the "Note"), ECF 1-1, and secured by an "Open-End Leasehold Mortgage, Security Agreement and Fixture Financing Statement" (the "Mortgage"). ECF No. 1-2. As part of the transaction, Defendant also executed an Assignment of Leases and Rents ("Assignment"), ECF No. 5-1 at 39-48, and a Loan Agreement in favor of the Original Lender. ECF No. 1-3.

Through a series of assignments, Plaintiff became, and remains, the holder of the Loan and related documents. Compl. ¶¶9-17; Compl. Exs. D-L (ECF Nos. 1-4 through 1-12); Affid. of Melisa Vis (Doc. 5-1) at ¶2. The Loan is secured by Defendant's leasehold interest in a store site at the Millcreek Mall, located in Erie, Pennsylvania (the "Leased Property"), pursuant to a Lease and Agreement dated March 10, 1975, as subsequently amended and assigned to Defendant (the "Ground Lease"). Affid. of Melisa Vis (Doc. 5-1) at ¶4; *see also* Doc. 5-1 at 18. The Leased Property was formerly operated as a Bon-Ton department store pursuant to a sublease, but it has since been vacated by the subtenant who rejected the sublease in bankruptcy, effective April 30, 2018. Vis Affid. ¶5. The Mortgage gives Plaintiff a first priority lien on and security interest in all of Defendant's right, title and interest in and to the Ground Lease and the leasehold estate created thereby, together with all other improvements, leases, accounts, collateral and real and personal property described in the Mortgage as to which Defendant has any right, title or interest. Doc. 1-2.

Since January 2018, Defendant has failed to pay Plaintiff certain "Monthly Debt Service Payment Amounts" and the "Reserve Fund Deposits" that are required by the various Loan documents. Vis Affid. ¶8. Under the terms of the Loan Agreement, Defendant is in apparent

default of its obligations, giving Plaintiff the right to declare the Loan "immediately due and payable," ECF No. 5-1 at 6, and allowing Plaintiff under the terms of the Mortgage to institute an action of mortgage foreclosure. ECF No. 1-2. Plaintiff has filed its complaint in foreclosure and contends that over $5,000,000.00 is presently due and owing. Compl. ¶34.

Plaintiff now seeks the appointment of Zamias Services Inc. as the Receiver relative to Defendant's leasehold interest in the Leased Property for the purpose of preserving and protecting Plaintiff's collateral, pending the foreclosure and eventual sale of such interest. In support of its motion, Plaintiff has supplied an affidavit from Melisa Vis, an Asset Manager with LNR Partners, LLC, which is the entity that services the Loan. Vis. Affid. ¶¶1-3.

According to Ms. Vis, Defendant has been in default of its payment obligations to Plaintiff for over eight months. Vis. Affid. ¶¶8-9. Aside from this, Defendant is also in default of its obligations under the Ground Lease. *Id.* ¶10. This is evidenced by correspondence dated May 11, 2018 from the Ground Lessor's legal counsel who placed Defendant on notice of various deficiencies in the condition of the vacant store, its exterior, and the associated landscaping. *Id.* ¶11; Doc. 5-1 at 57-59. Apparently, Defendant has not responded to this notice, prompting Plaintiff to advance some $3,750 for landscaping costs. Vis Affid. ¶¶ 12. Plaintiff has also been in discussions with the Ground Lessor concerning additional contractor proposals for exterior remediation of the Leased Property in the total amount of nearly $40,000.00. *Id.*¶12. As of August 2018, Plaintiff had advanced an additional $82,411.22 to cover Defendant's delinquent rental obligations under the Ground Lease. *Id.* ¶13. In July 2018, the Ground Lessor made demands upon Plaintiff to advance $71,759.47 for the payment of real estate taxes that were due on the Leased Property. *Id.* ¶14. According to Ms. Vis, the Leased Property is currently vacant and is therefore not generating any rents or other income. *Id.* ¶15. It appears

Defendant has abandoned the Leased Property and is not making any effort to lease the space for future occupancy. *Id.* ¶16. Ms. Vis estimates that the amount currently owed on the Loan materially exceeds the present fair market value of the Leasehold. *Id.* ¶17.

"When considering whether to appoint a receiver in the context of a mortgage foreclosure, the following factors guide the Court in its exercise of discretion: 'the property is inadequate security for the loan; the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor.'" *Iowa Square Realty LLC v. JSMN Shenango Valley Mall, LLC*, No. CV 17-497, 2018 WL 814745, at *2 (W.D. Pa. Feb. 9, 2018), *reconsideration denied*, No. CV 17-497, 2018 WL 2283038 (W.D. Pa. Mar. 7, 2018) (citations omitted). Other relevant considerations include: "fraudulent conduct on the part of defendant;[] the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered;[] the inadequacy of the available legal remedies;[] the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment;[] and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.[]" 12 Charles Alan Wright et al., Federal Practice and Procedure § 2983 (2d. ed. 2013) (internal footnotes and citations omitted). District courts have "broad discretion" in appointing receivers and may consider "a host of relevant factors," with no single factor being dispositive. *Canada Life Assurance Co. v. Alfred R. LaPeter*, 563 F.3d 837, 845 (9th Cir. 2009).

In this case, a number of considerations weigh in favor of appointing a receiver. The record shows that Defendant has been in continuous default for almost nine months, and the

4

subject leasehold is inadequate security for the Loan. While the Defendant's precise financial status is unclear, the record indicates that Defendant has defaulted on its Ground Lease, back taxes are due, and the Leased Property is in need of some remediation. The Leased Property is presently abandoned and is not generating income. As matters presently stand, there is a danger that the Leased Property will become diminished in value if not attended to. Moreover, if the Ground Lessor terminates the Ground Lease, then Plaintiff stands to lose its collateral altogether. Defendant has not answered the complaint in this action and default has been entered by the Clerk of Court, suggesting that Plaintiff is likely to prevail on its foreclosure claim. In the meantime, there is a probability of harm to Plaintiff if appointment of a receiver is denied, which appears to outweigh any potential harm to Defendant if an appointment is granted. Defendant was served with notice of the instant motion, *see* ECF No. 8, but has not appeared or raised any opposition to the appointment of a receiver. Importantly, the terms of the Mortgage provide that Plaintiff may, in the event of a default on its Loan obligations:

> [h]ave a receiver appointed to enter into possession of the Mortgaged Property, collect the earnings revenues, rents, issues, profits and income therefrom and apply the same as the court may direct. [Plaintiff] shall be entitled to the appointment of a receiver without the necessity of proving either the inadequacy of the security or the insolvency of Borrower or any other person who may be legally or equitable [sic] liable to pay moneys secured hereby and borrower and each such person shall be deemed to have waived such proof and to have consented to the appointment of such receiver. . . .

(Doc. 1-2 at 15, §39.3.)

In sum, the Court finds that appointment of a receiver is justified in light of the foregoing circumstances. Accordingly, Plaintiff's Motion for Expedited Appointment of Receiver will be granted. A separate order follows.

Dated: October 8, 2018

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

5